IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CONSTANCE MARIE BENDA**   ) | |
| ) | |
| **Plaintiff,**   ) | |
| ) | |
| v.   ) | Civil Case No. WGC-04-3623 |
| ) | |
| **CALEB CHANG, et al.**   ) | |
| ) | |
| **Defendants.**   ) | |
| ) | |

## MEMORANDUM OPINION

Pending before the court and ready for resolution is Defendants' Motion *in Limine* (Docket No. 27). Plaintiff filed a Response (Docket No. 28) and Defendants a Reply (Docket No. 29). No hearing is deemed necessary and the court now rules pursuant to Local Rule 105.6 (D. Md.).

Defendants ask the court to preclude Plaintiff from presenting her claim of fear of contracting an infectious or communicable disease.[1] Count III of Plaintiff's Complaint alleges Negligent Infliction of Emotional Distress. Compl. ¶¶ 42 - 46. As described in Count III Plaintiff fears contracting a potentially deadly communicable disease resulting from Jessica Chang's unprovoked physical attack. Defendants argue Plaintiff failed to produce evidence to support this claim. "The Plaintiff's failure to produce any evidence during the course of discovery that her fear of contracting an infectious disease stems from a knowledge,

---

[1] *See Macy's California, Inc. v. Superior Court of Solano County*, 48 Cal. Rptr. 2d 496, 498 n.2 (Cal. Ct. App. 1995) (noting it is preferable to file a motion to strike or a motion *in limine* to exclude evidence pertaining to emotional distress damages, rather than a motion for summary adjudication, because negligent infliction of emotional distress is not an independent cause of action).

1

corroborated by reliable medical or scientific opinion, that it is more likely than not that she will develop some infectious disease in the future, would make the introduction of a[ny] evidence of Plaintiff's 'fear' damages extremely prejudicial to the Defendants." Mem. Supp. Defs.' Mot. Limine ("Defs.' Mem."), at 5.

It is undisputed the alleged incident occurred at the San Francisco International Airport in California on or about November 28, 2001. Compl. ¶¶ 9 - 19; Answer ¶¶ 14 -15, 17. Defendants claim California substantive law should apply "pursuant to the common law choice of law doctrine *lex loci delicti*." Defs.' Mem., at 1. Plaintiff does not concede that California substantive law applies ("[a]ssuming for the moment, without conceding, that under Maryland's choice of law provisions, California law applies to the issue of recoverability of future damages of fear of exposure to communicable disease. . . ."). Docket No. 28, at 4.

According to the Courts and Judicial Proceedings Article, "[i]f the wrongful act occurred in another state, the District of Columbia, or a territory of the United States, a Maryland court shall apply the substantive law of that jurisdiction." Md. Code Ann., Cts. & Jud. Proc. § 3-903. Since jurisdiction in this case is based on diversity, this Court applies Maryland law because it is located within the State of Maryland. 28 U.S.C. § 1652 ("The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."). Thus, this Court shall apply California substantive law per Section 3-903 of the Courts and Judicial Proceedings Article.

The parties agree that in *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 816 (Cal. 1993), the California Supreme Court established the following requirements regarding negligent

2

infliction of emotional distress claims arising from exposure to carcinogens or other toxic substances:

> [I]n the absence of a present physical injury or illness, damages for fear of cancer may be recovered only if the plaintiff pleads and proves that (1) as a result of the defendant's negligent breach of a duty owed to the plaintiff, the plaintiff is exposed to a toxic substance which threatens cancer; *and* (2) the plaintiff's fear stems from a knowledge, corroborated by reliable medical or scientific opinion, that it is more likely than not that the plaintiff will develop the cancer in the future due to the toxic exposure.  Under this rule, a plaintiff must do more than simply establish knowledge of a toxic ingestion or exposure and a significant increased risk of cancer.  The plaintiff must further show that based upon reliable medical or scientific opinion, the plaintiff harbors a serious fear that the toxic ingestion or exposure was of such magnitude and proportion as to likely result in the feared cancer.

The *Potter* "more likely than not" rule has been applied to cases concerning fear of exposure to human immunodeficiency virus ("HIV") or acquired immune deficiency syndrome ("AIDS"). *See Macy's California, Inc. v. Superior Court of Solano County*, 48 Cal. Rptr. 2d 496 (Cal. Ct. App. 1995); *Kerins v. Hartley*, 33 Cal. Rptr. 2d 172 (Cal. Ct. App. 1994); *Herbert v. Regents of University of California*, 31 Cal. Rptr. 2d 709 (Cal. Ct. App. 1994).

Defendants contend this litigation is similar to the *Macy's* case.  In that case Catherine Jenae Tussy-Garber ("Tussy-Garber") tried on a denim jacket at a Macy's store.  When Tussy-Garber slid her hand into one of the pockets, she pricked her finger on a hypodermic needle.  Tussy-Garber discovered the pocket contained two hypodermic needles, a knife and a metal pipe which may have been used for ingesting cocaine.  Tussy-Garber promptly sought medical care for hepatitis treatment and HIV testing.  Tussy-Garber developed an intense fear of contracting AIDS or some other lethal disease.  Tussy-Garber did not test positive for HIV.  Her chances of contracting the virus from the needle prick was 1 in 200,000.  *Macy's*, 48 Cal. Rptr. 2d at 498.

3

Plaintiff contends Defendants' reliance on *Macy's* is misplaced because the "severe" bite from Defendant Jessica Chang is not equivalent to a routine needle stick. A needle stick is not a physical impact because the damage from the needle stick is so slight as to be negligible. Docket No. 28, at 3 (citing *Macy's*, [41 Cal. App.] at 756).

> Clearly that is not true of human bites that severely bruised and tore the skin of Ms. Benda's arm, causing prolific bleeding and treatment over the course of several weeks and left scars visible to this day. This is neither 'microscopic cellular damage' nor theoretical 'harm to the immune system.' It falls in the category of 'physical injury' which negates the application of the *Potter* standard of 'more likely so than not' required for proof of future emotional distress from fear of exposure to communicable diseases. . . .

Docket No. 28, at 3-4.

Defendants assert California law, on the issue of recovery of damages where there has been a "physical impact", is not as clear as Plaintiff claims. According to Defendants the California Supreme Court in *Potter* cited cases from other jurisdictions permitting recovery of emotional damages derivative of a claim for serious physical injuries. The California Supreme Court, however, did not define "serious physical injury." Docket No. 29, at 2.

This Court has reviewed the three cases cited in *Potter* where damages were recoverable as a derivative of a claim for serious physical injuries. *Potter*, 863 P.2d at 805-06. In *Alley v. Charlotte Pipe & Foundry Co.*, 74 S.E. 885 (N.C. 1912), as a result of the explosion of a core which produced a stream of molten iron, the plaintiff sustained injuries to his foot and was seriously burned. Evidence was introduced that cancer would probably developed because of the burns. The trial court properly admitted evidence "tending to prove acute mental suffering accompanying a physical injury. The liability to cancer must necessarily have a most depressing effect upon the injured person." *Id.* at 886.

4

In *Dempsey v. Hartley*, 94 F. Supp. 918 (E.D. Pa. 1951), plaintiff, a passenger in an automobile, was injured in a motor vehicle accident. Her bodily injuries included traumatic injury to both breasts. The plaintiff feared cancer as a result of her injuries. "[T]estimony was admitted for the purpose of showing that this plaintiff did have a very real fear of the development of cancer of the breast and that her fears in this respect were reasonable." *Id.* at 920. The trial court did not err in admitting this opinion evidence and the plaintiff's suffering, *i.e.*, her fear of cancer, is compensable.

Finally, in *Ferrara v. Galluchio*, 152 N.E.2d 249 (N.Y. 1958), the plaintiff received a series of X-ray treatments. She reported a nauseous feeling after her third treatment. She was prescribed certain pills and received four additional X-ray treatments. She developed blisters, which later ruptured; the skin peeled leaving raw flesh exposed. The plaintiff's condition was diagnosed as chronic radiodermatitis caused by the X-ray therapy. A dermatologist who examined the plaintiff advised her to have the shoulder checked every six months because the burn might become cancerous. At trial, in support of her claim for mental anguish, Plaintiff introduced "the testimony of a neuro-psychiatrist to the effect that she was suffering from a severe cancerophobia, that is, the phobic apprehension that she would ultimately develop cancer in the site of the radiation burn." *Id.* at 251. The New York Court of Appeals determined, under the circumstances of the case, recovery for mental anguish (the fear of cancer) was justified.

Assuming, as Plaintiff contends, that Jessica Chang's bite "severely bruised and tore the skin of [Plaintiff's] arm, causing prolific bleeding and treatment over the course of several weeks and left scars visible to this day[,]" Docket No. 28, at 4, the court finds this bite does not rise to the level of severity as the burns in the *Alley* and *Ferrara* cases or the physical injuries resulting

5

from a motor vehicle accident in the *Dempsey* case.  Moreover, "[c]ommon to these decisions is a verifiable causal nexus between cancer and the injury suffered." *Barron v. Martin-Marietta Corp.*, 868 F. Supp. 1203 (N.D. Cal. 1994).  Based on the record before the court, Plaintiff has not shown a verifiable causal nexus between an infectious disease and the severe bite.

However, the *Potter* court noted, as settled law in California, that in ordinary negligence actions for physical injury, a plaintiff may recover parasitic damages for emotional distress caused by the physical injury.  "Where a plaintiff can demonstrate a physical injury caused by the defendant's negligence, anxiety specifically due to a reasonable fear of future harm attributable to the injury may also constitute a proper element of damages." *Potter*, 863 P.2d at 805.  The California Supreme Court cites, as an example, *Jones v. United Railroads of San Francisco*, 202 P. 919 (Cal. Dist. Ct. App. 1921).  In *Jones* the plaintiff was in the act of stepping off a street car, which was at a complete standstill, when the street car began to move.  Her hand or arm was caught in the street car and she was dragged across the street until a jolt loosened her from the street car and she fell backward onto the pavement.  Due to the accident, the plaintiff has experienced intense pain in her back and head, a sensation of wrenching and pulling on the nerves and an inability to walk around a room or do any work.  The plaintiff has difficulty sleeping, has lost her appetite, and has no hope of any permanent recovery.  *Id.* at 920.  The appellate court found no error in instructing the jury "that it might take into consideration plaintiff's mental suffering up to the time of trial, which was caused by her reasonable apprehension of being permanently disabled, which apprehension and consequent mental suffering was a direct and proximate result of her injury." *Id.* at 923.  In other words, it was permissible for the jury to consider past and present apprehension of future disability, an

6

apprehension which caused plaintiff's mental suffering. *See Crisci v. Security Ins. Co.*, 426 P.2d 173, 178 (Cal. 1967) (citations omitted) ("The general rule of damages in tort is that the injured party may recover for all detriment caused whether it could have been anticipated or not. In accordance with the general rule, it is settled in this state that mental suffering constitutes an aggravation of damages when it naturally ensues from the act complained of, and in this connection mental suffering includes nervousness, grief, anxiety, worry, shock, humiliation and indignity as well as physical pain."). *See also* California Civil Jury Instruction 1620 (Negligent Infliction of Emotional Distress – Direct Victim – Essential Factual Elements).

With regard to this litigation, the court finds that *Macy's* is distinguishable because a routine needle stick is not as intrusive or severe as a human bite which leaves visible scars years after the attack. The court finds the *Potter* test of "more likely so than not" inapplicable because there is a physical injury, *i.e.*, prolific bleeding and scarring from the human bite. The court finds *Jones* most analogous to the facts of this case and thus controlling. Plaintiff will be permitted to present evidence of her anxiety of being exposed to infectious diseases from the date of the incident (on or about November 28, 2001) until the time her doctor determined her risk of exposure was remote or non-existent and/or based on the passage of time after a series of vaccinations and negative medical test results. In other words, "Plaintiff is entitled to produce evidence on the issue of Ms. Benda's reasonable fear of exposure to a communicable disease during the time she was being actively treated for that exposure and for a reasonable time thereafter during which the disease might 'declare itself' despite the treatment." Docket No. 28, at 3.

For the foregoing reasons, an Order will be separately entered denying Defendants'

Motion *in Limine*.

April 14, 2006                                            /s/
_____         _____
    Date                                    WILLIAM CONNELLY
                                   UNITED STATES MAGISTRATE JUDGE